1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CHRISTOPER JOSEPH MCCLURE,

Plaintiff,

v.

CAROLYN W. COLVIN, Commissioner of Social Security,

Defendant.

Case No.:  16cv2515-JLS (JLB)

**ORDER DIRECTING UNITED STATES MARSHAL SERVICE**

(ECF No. 5)

Presently before the Court is Plaintiff Christopher Joseph McClure's Amended Complaint ("Am. Compl."). (ECF No. 5.) Plaintiff filed his Amended Complaint in response to the Court's Order Granting Motion to Proceed *in Forma Pauperis* ("IFP") and Dismissing Without Prejudice Plaintiff's Complaint ("IFP Order"). (ECF No. 4.) Specifically, the Court granted Plaintiff leave to proceed IFP because he "demonstrate[d] he [wa]s unable to pay the requisite fees and costs[,]" (*id.* at 2), but determined that Plaintiff's "bare recitations" of the cause of action were "not enough to survive the *sua sponte* screening required by 28 U.S.C. § 1915(e)(2)[,]" (*id.* at 4).

But Plaintiff's Amended Complaint fares better—it now specifically alleges the reasons the Administrative Law Judge ("ALJ") below denied Plaintiff's application for benefits, as well as Plaintiff contentions as to why the ALJ's decision was erroneous. (Am.

Compl. ¶¶ 13(a)–(h).) Accordingly, Plaintiff is entitled to U.S. Marshal service on his behalf. 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

## CONCLUSION

Good cause appearing, **IT IS ORDERED** that:

1.    Plaintiff's Amended Complaint survives the *sua sponte* screening required by 28 U.S.C. § 1915(e)(2).

2.    The Clerk is **DIRECTED** to issue a summons as to Plaintiff's Complaint (ECF No. 5) upon Defendant Carolyn W. Colvin and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for the Defendant. In addition, the Clerk is **DIRECTED** to provide Plaintiff with a certified copy of this Order and a certified copy of his Complaint (ECF No. 5) and the summons so that he may serve Defendant. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285 as completely and accurately as possible, and to return it to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying the IFP package.

3.    Upon receipt, the U.S. Marshal is **ORDERED** to serve a copy of the Complaint and summons upon Defendant Carolyn W. Colvin as directed by Plaintiff on the USM Form 285. All costs of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

4.    Defendant Carolyn W. Colvin is thereafter **ORDERED** to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).  *See* 42 U.S.C. § 1997e(g) (noting that once the Court has conducted its *sua sponte* screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

/ / /

5.     Plaintiff **SHALL** serve upon Defendant or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff must include with the original paper to be filed with the Clerk, a certificate stating the manner in which a true and correct copy of the document was served on Defendant, or counsel for Defendant, and the date of that service.  Any paper received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service, may be disregarded.

**IT IS SO ORDERED.**

Dated:  March 20, 2017

Hon. Janis L. Sammartino
United States District Judge

3