UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JOSEPH MCCLURE,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]<br><br>Defendant. | Case No.: 3:16-cv-2515-JLS-RNB<br><br>**REPORT AND RECOMMENDATION REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>**(ECF Nos. 19, 21)** |

This Report and Recommendation is submitted to the Honorable Janis L. Sammartino, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.1(c).

On October 7, 2016, plaintiff Christopher Joseph McClure filed a Complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security denying his applications for a period of disability and disability insurance benefits and for Supplemental Security Income benefits. (*See* ECF No. 1.) Plaintiff then filed an Amended Complaint on November 10, 2016. (*See* ECF No. 5.)

---

[1] Nancy A. Berryhill is hereby substituted as the defendant in this case per Fed. R. Civ. P. 25(d).

1

Now pending before the Court and ready for decision are the parties' cross-motions for summary judgment. For the reasons set forth herein, the Court **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED,** that the Commissioner's cross-motion for summary judgment be **DENIED**, and that Judgment be entered reversing the decision of the Commissioner and remanding this matter for further administrative proceedings.

## I. PROCEDURAL BACKGROUND

On October 15, 2012, plaintiff filed applications for a period of disability and disability insurance benefits and for Supplemental Security Income benefits, alleging disability beginning on January 25, 2009 due to a mood disorder and a history of the following: (1) cardiomyopathy, (2) poly-substance abuse, and (3) alcohol abuse. (Administrative Record ("AR") 11, 175-82.) After his applications were denied initially and upon reconsideration (AR 58, 72, 89, 106), plaintiff requested an administrative hearing before an administrative law judge ("ALJ"). (AR 131-32.) An administrative hearing was held on January 22, 2015. Plaintiff appeared at the hearing with counsel, and testimony was taken from her and a vocational expert. (AR 26-43.)

As reflected in his March 25, 2015 hearing decision, the ALJ rendered an unfavorable decision, finding plaintiff not disabled under the Social Security Act based on either of his applications. (AR 21.) The ALJ's decision became the final decision of the Commissioner on August 9, 2016, when the Appeals Council denied plaintiff's request for review. (AR 1-4.) This timely civil action followed.

## II. SUMMARY OF THE ALJ'S FINDINGS

In rendering his decision, the ALJ followed the Commissioner's five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since January 25, 2009, the alleged onset date. (AR 11.)

At step two, the ALJ found that plaintiff had the following severe impairments: a mood disorder and a history of cardiomyopathy, poly-substance abuse, and alcohol abuse. (*Id.*)

At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in the Commissioner's Listing of Impairments. (AR 12) (citing 20 C.F.R., Part 404, Subpt. P, App. 1.)

Next, after considering the entire record, the ALJ determined that plaintiff had the "residual functional capacity [("RFC")] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he must avoid all unprotected heights and dangerous machinery. [Plaintiff] can occasionally climb ramps and stairs, and can occasionally stoop and bend. [Plaintiff] is limited to non-complex tasks in a non-public setting." (AR 13.) The ALJ stated that his determination was "supported by the totality of the medical evidence, objective findings, and the opinions of the individuals who have had the opportunity to assess the claimant and his abilities, as well as the subjective allegations of the [plaintiff]." (AR 19.)

The ALJ then proceeded to step four of the sequential evaluation process. He found that plaintiff was unable to perform any of his past relevant work. (AR 20.) For the purposes of his step five determination, the ALJ accepted the testimony of a vocational expert ("VE") that an individual with plaintiff's vocation profile could perform jobs identified by the VE that exist in significant numbers in the national economy. (AR 20-21.)

### III. SOLE ISSUE IN DISPUTE

The sole issue in dispute in this case is whether, in determining plaintiff's RFC, the ALJ properly rejected the opinion of plaintiff's treating psychiatrist, Dr. Le.

## IV. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

## V. DISCUSSION

The law is well established in this Circuit that a treating physician's opinions are entitled to special weight because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. *See McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996); *Baxter v. Sullivan*, 923 F.3d 1391, 1396 (9th Cir. 1991). Where, as here, the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial

evidence of record. *See, e.g., Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) ("A treating physician's opinion on disability, even if controverted, can be rejected only with specific and legitimate reasons supported by substantial evidence in the record."); *Magallanes*, 881 F.2d at 751; *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987).

In assessing plaintiff's RFC, the ALJ acknowledged that Dr. Le had opined on December 22, 2014 that plaintiff was:

> "[U]nable to meet competitive standards regarding his ability to remember work-like procedures; to understand, remember, and carry out detailed instructions[,] to maintain attention for two hours; to maintain regular attendance and be punctual with customary, usually strict, tolerances, to sustain an ordinary routine without special supervision; to work in coordination with, or in proximity to, others without being distracted by them; to make simple work-related decisions; to complete a normal workday and workweek without interruptions from psychologically-based symptoms, and to perform at a consistent pace without an unreasonable number and length of rest periods; to accept instructions and respond appropriately to criticism from supervisors; to get along with coworkers or peers without distracting them or exhibiting behavioral extremes; to set realistic goals or make plans independently of others; to deal with the stress of semi-skilled and skilled work; pub; to maintain socially-appropriate behavior; neat; to travel in unfamiliar places; or to use public transportation; to respond appropriately to changes in the work setting; to deal with normal work stress; and to be aware of normal hazards and take appropriate precautions. She also opined that plaintiff has extreme difficulties in areas of social functioning, maintaining concentration, persistence or pace, and one or two episodes of decompensation, each of extended duration. She said that he is likely to miss more than four days of work per month. She opined that alcohol and substance abuse do not contribute to any of the [plaintiff's] limitations." (AR 18-19.)

After detailing Dr. Le's opinions, the ALJ stated:

> "This opinion is given little weight; it is not consistent with the medical evidence of record, or the other expert opinions. Also, Dr. Le did not appear to take [plaintiff's] DDA [drug addiction and alcoholism] into account in formulating her opinion." (*Id.*)

The Court will address each of these reasons in turn.

The first reason given by the ALJ for rejecting Dr. Le's opinion was that it was inconsistent with the medical evidence of record. However, since the ALJ did not specifically identify the evidence of record that supposedly undermined Dr. Le's opinion, the Court finds that this vague reason is not sufficiently specific to constitute a legally sufficient reason for according little weight to Dr. Le's opinion. *See Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required."); *Rodriguez v. Bowen*, 876 F.2d 759, 762 (9th Cir. 1989) (same); *see also Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.") (citing *Embrey*, 849 F.2d at 421-22); *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999) ("[C]onclusory reasons will not justify an ALJ's rejection of a medical opinion.").[2]

The second reason given by the ALJ for rejecting Dr. Le's opinion was that it was not consistent with the other expert opinions. However, any inconsistency between Dr. Le's opinion and the other physicians' opinions was merely determinative of the standard to be applied to the ALJ's proffered reasons for not crediting the opinion of Dr. Le; it was not a legally sufficient reason in itself. *See Lester*, 81 F.3d at 830 (in event of conflict in the medical opinion evidence, an ALJ still must provide legally sufficient reasons to reject a treating or examining physician's opinion); *see also Widmark v. Barnhart*, 454 F.3d 1063,

---

[2] The Commissioner contends that the inconsistency the ALJ referenced lies within Dr. Le's December 22, 2014 "Mental Impairment Questionnaire (RFC & Listings)" (AR 340-45) between her conclusion that plaintiff was extremely limited in his functioning and plaintiff's GAF score of 55, indicating only moderate limitations. (ECF 21-1 at 4-5.) However, the Court is "constrained to review [only] the reasons the ALJ asserts." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003); *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely.").

1066-67 n.2 (9th Cir. 2006) (existence of a conflict among the medical opinions by itself cannot constitute substantial evidence for rejecting a treating physician's opinion).

The final reason given by the ALJ for rejecting Dr. Le's opinion was that she did not take into account plaintiff's DAA history. However, the Mental Impairment Questionnaire form completed by Dr. Le belies this third reason. The form specifically asked, "If your patient's impairments include alcohol or substance abuse, do alcohol or substance abuse contribute to any of your patient's limitations set forth above?" (AR 345.) Dr. Le checked off the "No" box. (*Id.*) The form only asked for further explanation if the "Yes" box was checked. (*Id.*) The Court finds therefore that the ALJ's third "reason" for rejecting Dr. Le's opinion also did not qualify as a specific and legitimate reason for doing so.

## VI. CONCLUSION AND RECOMMENDATION

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. *See, e.g.*, *Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990); *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989); *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. *See, e.g.*, *Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir. 1984); *Lewin*, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, *Kornock v. Harris*, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, *Bilby v. Schweiker*, 762 F.2d 716, 719 (9th Cir. 1985).

Here, the Court has concluded that this is not an instance where no useful purpose would be served by further administrative proceedings; rather, additional administrative proceedings still could remedy the defects in the ALJ's decision. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (remanding for further administrative proceedings where ALJ failed to properly reject a treating physician's opinion).

For the foregoing reasons, this Court **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED,** that the Commissioner's cross-motion for summary judgment be **DENIED**, and that Judgment be entered reversing the decision of the Commissioner and remanding this matter for further administrative proceedings.

Any party having objections to the Court's proposed findings and recommendations shall serve and file specific written objections within 14 days after being served with a copy of this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2). The objections should be captioned "Objections to Report and Recommendation." A party may respond to the other party's objections within 14 days after being served with a copy of the objections. *See* Fed. R. Civ. P. 72(b)(2). *See id.*

Dated: April 17, 2018

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE