# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JOSEPH MCCLURE,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Commissioner of Social Security,<br><br>Defendant. | Case No.: 16cv2515-JLS (JLB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF No. 25) |

Presently before the Court is Plaintiff's Motion for Summary Judgment and Defendant's Motion for Summary Judgment, (ECF Nos. 19, 21). Magistrate Judge Robert N. Block has issued a Report and Recommendation, ("R&R", ECF No. 25), recommending that Plaintiff's Motion for Summary Judgment be granted, Defendant's Cross-Motion for Summary Judgment be denied, and that Judgment be entered reversing the decision of the Commissioner and remanding this matter for further administrative proceedings. Having reviewed the Parties' motions, Judge Block's R&R, and the underlying Administrative Record, the Court **ADOPTS** Judge Blocks Report and Recommendation in its entirety.

# BACKGROUND

Judge Block's R&R contains a thorough and accurate recitation of the factual and procedural histories underlying the instant Motions for Summary Judgment. (*See* R&R 2–3.)[1] This Order incorporates by reference the background as set forth therein.

# LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's report and recommendation. The district court must "make a de novo determination of those portion of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

# ANALYSIS

In this present case, neither party has filed objections to Magistrate Judge Block's R&R. (*See* R&R 8 (objections due by May 1, 2018).) Having reviewed the R&R, the Court finds that it is thorough, well-reasoned, and contains no clear error.

In this matter, the Administrative Law Judge ("ALJ") rejected the opinion of Plaintiff's treating psychiatrist, Dr. Le. (R&R 3.) In his R&R, Judge Block determined the ALJ erred in this decision. The Court agrees the ALJ's determination did not provide legally sufficient reasons to reject Dr. Le's opinion. The ALJ rejected Dr. Le's opinion

---

[1] Pin citations refer to the CM/ECF page numbers electronically stamped at the top of each page.

because it contradicted the medical evidence of record. (*Id.* at 6.) However, the ALJ failed to pinpoint the medical evidence of record that allegedly contradicted Dr. Le's opinion. (*Id.*) The ALJ also rejected Dr. Le's opinion because it was inconsistent with the other experts' opinions. (*Id.*) Any inconsistency between Dr. Le's opinion and the other experts' opinions only determined the standard to be applied to the ALJ's reasons for not accepting Dr. Le's opinion and did not itself constitute a legally sufficient reason for rejection. (*Id.* at 6–7.) The ALJ also rejected Dr. Le's opinion because she did not take into account Plaintiff's drug addiction and alcoholism history. (*Id.* at 8.) But, Dr. Le did take into account Plaintiff's drug addiction and alcoholism history when she completed the Mental Impairment Questionnaire form and checked "No" to the question "If your patient's impairments include alcohol or substance abuse, do alcohol or substance abuse contribute to any of your patient's limitations set forth above?" (*Id.*) The Court agrees remanding for further administrative proceedings is appropriate because additional proceedings could remedy the defects in the ALJ's decision. (*Id.* at 7.)

Accordingly, the Court hereby: (1) **ADOPTS** Magistrate Judge Block's Report and Recommendation; (2) **GRANTS** Plaintiff's Motion for Summary Judgment and **DENIES** Defendant's Cross-Motion for Summary Judgment; and (3) **REMANDS** the case to the Social Security Administration for further proceedings. Because this concludes the litigation in this matter, the Clerk **SHALL** close the file.

**IT IS SO ORDERED.**

Dated: May 24, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge